# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **NIKKI GOODLOE INGRAM BEY,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | Case No.   3:23-cv-00159-MHH |
| ) | |
| **REGIONAL ACCEPTANCE** ) | |
| **CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

On February 8, 2023, *pro se* plaintiff Nikki Goodloe Ingram Bey filed this action against Regional Acceptance Corporation. (Doc. 1). Ms. Ingram Bey also filed an *in forma pauperis* affidavit; she asks for permission to proceed without prepaying filing fees and costs. (Doc. 2).

Ms. Ingram Bey's request for IFP status triggers a two-step inquiry. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). First, a district court must examine the plaintiff's IFP affidavit and determine whether the plaintiff is economically eligible for IFP status under §1915(a). *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). If the plaintiff is economically eligible for IFP status, then the district court must docket the case and move to step two. At step two, the district court must assess whether the allegations in the complaint meet the pleading standard under § 1915(e)(2). *Martinez*, 364 F.3d at 1307; *see also*

*Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997). Under 28 U.S.C. § 1915, a district court must dismiss a complaint if the factual allegations are "frivolous or malicious" or "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "A claim is frivolous if it is without arguable merit either in law or fact." *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010). Additionally, "federal courts are duty bound to consider their subject matter jurisdiction *sua sponte*." *Burr & Forman v. Blair*, 470 F.3d 1019, 1035 n.38 (11th Cir. 2006) (citing *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409–11 (11th Cir. 1999)).

When reviewing a *pro se* complaint pursuant to § 1915, a district court must be mindful that complaints written by *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022). Though a district court must be lenient in its review of a *pro se* pleading, the court "cannot act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

The Court finds that Ms. Ingram Bey qualifies for IFP status and grants her motion to proceed without prepayment of fees and costs. Having examined Ms. Ingram Bey's allegations against Regional Acceptance Corporation, the Court finds that it lacks jurisdiction over this action.

In her complaint, Ms. Ingram Bey asserts state law claims for fraud, deceit, and harassment. (Doc. 1). A federal district court may exercise jurisdiction over state law claims under 28 U.S.C. § 1332. For state law claims to proceed in federal court under § 1332, the parties must be completely diverse, and the amount in controversy must exceed $75,000. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In her complaint, Mr. Ingram Bey demands as damages $45,000 for "Fraud Deceit Harassment," $10,000 for "Threats of Repossesion [*sic*]" and court costs and fees. (Doc. 1, p. 7). Even assuming a liberal award of costs and fees, the amount in controversy in this case does not exceed $75,000. Therefore, this federal district court cannot exercise jurisdiction over Ms. Ingram Bey's state law claims; she must assert those claims in state court.[1]

By separate order, the Court will dismiss this action for lack of jurisdiction.

**DONE** and **ORDERED** this May 23, 2023.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[1] On September 16, 2022, Ms. Ingram Bey filed a similar complaint in Case No. 3:22-cv-01177-LCB. On January 18, 2023, the Court dismissed that case without prejudice for failure to pay the requisite filing fee after the Court denied Ms. Ingram Bey's motion for leave to proceed *in forma pauperis* because Ms. Ingram Bey did not provide adequate information about her financial status. (Case No. 3:22-cv-01177-LCB, Docs. 11, 12). On January 4, 2023, this Court dismissed another nearly identical complaint filed by Mr. Ingram Bey in Case No. 3:23-cv-00102-MHH, without prejudice, for failure to state a claim. (Case No. 3:23-cv-00102-MHH, Docs. 6, 7).